1  Elissa D. Miller (CA Bar No. 120029)
       emiller@sulmeyerlaw.com
2  Steven F. Werth (CA Bar No. 205434)
       swerth@sulmeyerlaw.com
3  **Sulmeyer**Kupetz
   A Professional Corporation
4  333 South Grand Avenue Suite 3400
   Los Angeles, California 90071
5  Telephone: 213.626.2311
   Facsimile: 213.629.4520
6
7  Attorneys for Howard M. Ehrenberg, Chapter 7
   Trustee

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10             **LOS ANGELES DIVISION**

11  In re                                Case No. 2:17-bk-18433-NB

12  MAXIMUM LEGAL (CALIFORNIA), LLP,     Chapter 7

13          Debtor.                      **CHAPTER 7 TRUSTEE'S MOTION FOR
                                         ORDER (1) APPROVING STIPULATION
14                                       RELATING TO DISBURSEMENT OF
                                         FUNDS, AND (2) CLOSING CASE;
15                                       DECLARATION OF STEVEN F. WERTH**

16                                       Date:      [To Be Set]
                                         Time:      [To Be Set]
17                                       Place:     U.S. Bankruptcy Court
                                                    Courtroom 1375
18                                                  255 East Temple Street
                                                    Los Angeles, CA 90012
19

20  **TO THE HONORABLE NEIL W. BASON, UNITED STATES BANKRUPTCY JUDGE,**

21  **THE OFFICE OF THE UNITED STATES TRUSTEE; AND PARTIES ENTITLED TO**

22  **NOTICE:**

23        Howard M. Ehrenberg, the duly appointed and acting Chapter 7 Trustee ("Trustee") of the

24  bankruptcy estate ("Estate") of the above-captioned debtor Maximum Legal (California), LLP

25  ("Debtor"), hereby moves (the "Motion") this Court for an order (1) approving A "Stipulation Re:

26  Settlement And Dismissal" (the "L&B Stipulation") among the Trustee, Wellgen Standard, LLC,

27  successor to Advocate Capital, Inc. ("Wellgen"), Richard M. Pachulski (the "L&B Trustee"),

28

SFW\ 2656769.2

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1    California Attorney Lending II, Inc. ("CAL II"), and Joseph M. Barrett, and (2) closing this

2    bankruptcy case.

3        A true and correct copy of the L&B Stipulation is attached hereto as **Exhibit 1**.  The

4    Recitals in the L&B Stipulation are hereby incorporated by reference, as if set forth herein in full.

5        Pursuant to the L&B Stipulation, the parties to the L&B Stipulation have consented to the

6    following:

7        1.      All proceeds currently held by the Trustee will be distributed as follows:  (1)

8    $75,000 to Cal II, (2) $12,746.00 to be held back by the Trustee pending hearing on the final fee

9    application of Trustee's bankruptcy counsel **Sulmeyer**Kupetz, A Professional Corporation, which

10   has filed a fee application requesting approval of fees and expenses in the combined amount of

11   $12,746.00 (Docket No. 131), and (3) the balance to Wellgen; and

12       2.      The adversary proceeding related to the L&B Case entitled *Advocate Capital, Inc.*

13   *v. Maximum Legal (California), LLP, et al.*, Adv. No. 2:17-ap-01503-NB (the "Wellgen

14   Adversary") will be resolved (and will be dismissed by separate order of this Court to be lodged in

15   the Wellgen Adversary).

16       Additionally, the Trustee seeks to close this bankruptcy case, upon making the payments to

17   the various parties as set forth in the L&B Stipulation.

18       In support of this Motion, the Trustee states as follows:

19       1.      On July 12, 2017 ("Petition Date"), the Debtor filed a voluntary petition under

20   Chapter 11 of Title 11 of the United States Code, thereby commencing the above-captioned

21   bankruptcy case.  The Debtor served as debtor in possession until October 18, 2018, when the

22   Court entered an order converting the case from Chapter 11 to Chapter 7.  Howard M. Ehrenberg

23   was appointed as Chapter 7 trustee of the Debtor's bankruptcy estate ("Estate"), and he continues

24   to act in that capacity.

25       2.      This case is directly related the L&B Case.  ("L&B") was a personal injury law

26   firm headquartered in Los Angeles, California.  On August 3, 2017, certain creditors filed an

27   involuntary Chapter 7 petition against L&B and commenced the L&B Case.  L&B thereafter

28   moved to convert the L&B Case to Chapter 11 and stipulated to the appointment of a Chapter 11

1    trustee.  Richard Pachulski, the L&B Trustee, was appointed as the Chapter 11 trustee of L&B's

2    bankruptcy estate, and he continues to serve in that capacity.

3          3.       No schedules, statements or lists have ever been filed in this bankruptcy case, and

4    no one has appeared at any meeting of creditors held pursuant to 11 U.S.C. §341(a) (the "341(a)

5    Meetings") conducted by the Trustee.  In short, the Trustee has no way to determine the Debtor's

6    assets or liabilities, much less the identities of its creditors.  The Trustee has concluded that, under

7    these circumstances, meaningful administration of the Estate is impossible.

8       The Trustee is presently in possession of $479,235.98 in cash (collectively, the "Litigation

9    Proceeds").  The Litigation Proceeds derive from three sources:

10           ●       On December 12, 2017, the Trustee received $472,915.98 from the Debtor's

11                Chapter 11 debtor in possession accounts.  It is the Trustee's understanding that that

12                these funds are primarily, if not exclusively, comprised of settlement proceeds

13                ("Teitelbaum Proceeds") relating to a Los Angeles Superior Court case entitled

14                *Teitelbaum v. Lyft, Inc., et al.*, LASC Case No. BC59603 ("Teitelbaum Case").

15           ●       On December 18, 2017, the Trustee received $4,400.00 in funds relating to an

16                insurance payout from Access General Insurance Company in favor of "Maximum

17                Legal & Roxane Rutherford."

18           ●       On March 30, 2018, the Trustee received $1,920.00 from The Dominguez Firm that

19                ostensibly related to costs incurred by the Debtor in a prepetition state court

20                mediation.

21       Aside from the Litigation Proceeds, the Trustee has not come into possession of any funds

22    and does not anticipate that he will do so.

23          4.       Multiple parties claim entitlement to the Litigation Proceeds, including Wellgen,

24    CAL II, and Joseph Barrett, Esq., a former partner at L&B.  These matters are at issue in the

25    Wellgen Adversary.

26          5.       The parties to the Wellgen Adversary have resolved the Wellgen Adversary.  That

27    settlement is set forth in the L&B Stipulation.  The parties have requested that the Trustee make

28    distributions to various parties as set forth in the L&B Stipulation.  The Trustee has agreed to do

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1  so, and that agreement is set forth in the L&B Stipulation.

2        6.      There are no further assets in this case to distribute.  A such, the Trustee requests

3  that the Court, in addition to entering an order approving of the L&B Stipulation and authorizing

4  the Trustee to make all payments identified in the L&B Stipulation, that the Court also order that

5  this case be closed.

6        For the foregoing reasons, the Trustee respectfully requests entry of an order (1) granting

7  this Motion; (2) approving the L&B Stipulation, (3) authorizing the Trustee to make the payments

8  identified in the L&B Stipulation, (4) closing this case, and (5) granting such additional relief as

9  may be appropriate.

10  DATED:  November 13, 2018              Respectfully submitted,

11                                  **Sulmeyer**Kupetz

12                                  A Professional Corporation

13

14               By:

15                           Steven F. Werth

16                           Attorneys for Howard M. Ehrenberg, Chapter 7

                            Trustee

17

18

19

20

21

22

23

24

25

26

27

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL  213.626.2311 • FAX  213.629.4520

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

# <u>DECLARATION OF STEVEN F. WERTH</u>

I, Steven F. Werth, declare as follows

1.      I am an individual over the age of eighteen.

2.      Except as otherwise indicated, all statements made herein are based on my personal knowledge or my review of relevant documents.  If called to testify as a witness in this matter, I could and would competently testify under oath to the truth of the statements set forth herein.

3.      I am one of the attorneys at **Sulmeyer**Kupetz, A Professional Corporation, counsel to Howard M. Ehrenberg, the Chapter 7 Trustee, who is representing the Trustee in this matter.

4.      I make this declaration in support of the foregoing "Chapter 7 Trustee's Motion For Order (1) Approving Stipulation Relating To Disbursement Of Funds, And (2) Closing Case" (the "<u>Motion</u>").  Capitalized terms in this declaration have the meaning given them in the Motion.

5.      A true and correct copy of the L&B Stipulation is attached hereto as **Exhibit 1**.

6.      No schedules, statements or lists have ever been filed in this bankruptcy case, and no one has appeared at any 341(a) Meetings.  In short, the Trustee has no way to determine the Debtor's assets or liabilities, much less the identities of its creditors.  The Trustee has concluded that, under these circumstances, meaningful administration of the Estate is impossible.

7.      The Trustee is presently in possession of $479,235.98 in cash (collectively, the "<u>Litigation Proceeds</u>").  The Litigation Proceeds derive from three sources:

- On December 12, 2017, the Trustee received $472,915.98 from the Debtor's Chapter 11 debtor in possession accounts.  It is the Trustee's understanding that that these funds are primarily, if not exclusively, comprised of settlement proceeds ("<u>Teitelbaum Proceeds</u>") relating to a Los Angeles Superior Court case entitled *Teitelbaum v. Lyft, Inc., et al.*, LASC Case No. BC59603 ("<u>Teitelbaum Case</u>").

- On December 18, 2017, the Trustee received $4,400.00 in funds relating to an insurance payout from Access General Insurance Company in favor of "Maximum Legal & Roxane Rutherford."

- On March 30, 2018, the Trustee received $1,920.00 from The Dominguez Firm that ostensibly related to costs incurred by the Debtor in a prepetition state court

1    mediation.

2    8.    Aside from the Litigation Proceeds, the Trustee has not come into possession of

3    any funds and does not anticipate that he will do so.

4    9.    Multiple parties claim entitlement to the Litigation Proceeds, including Wellgen

5    and CAL II, and Joseph Barrett, Esq., a former partner at L&B.  These matters are at issue in the

6    Wellgen Adversary.

7    10.    The parties to the Wellgen Adversary have resolved the Wellgen Adversary.  That

8    settlement is set forth in the L&B Stipulation.  The parties have requested that the Trustee make

9    distributions to various parties as set forth in the L&B Stipulation.

10    I declare under penalty of perjury under the laws of the United States of America that the

11    foregoing is true and correct.

12    Executed November 13, 2018, at Los Angeles, California.

13

14    _____

15    Steven F. Werth

16

17

18

19

20

21

22

23

24

25

26

27

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

SFW\ 2656769.2

# EXHIBIT 1

WEILAND GOLDEN GOODRICH LLP
Jeffrey I. Golden (133040)
650 Town Center Dr.
Suite 950
Costa Mesa, CA 92626
714-966-1000
jgolden@lwgfllp.com

BRADLEY ARANT BOULT CUMMINGS LLP
Roger G. Jones (admitted *pro hac vice*)
1600 Division Street
Suite 700
Nashville TN 37219
615-252-2323
rjones@Bradley.com

Attorneys for Wellgen Standard, LLC

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re: | ) Case No. 2:17-bk-19548-NB |
| | ) |
| LAYFIELD & BARRETT, APC, | ) Chapter 11 |
| | ) |
| Debtor. | ) Adv. Pro. No. 2:17-ap-01503-NB |
| | ) |
| | ) **STIPULATION RE: SETTLEMENT** |
| WELLGEN STANDARD, LLC, | ) **AND DISMISSAL** |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MAXIMUM LEGAL (CALIFORNIA), | ) |
| LLP, CALIFORNIA ATTORNEY | |
| LENDING II, INC. MAXIMUM LEGAL, | |
| LLC, TODD D. WAKEFIELD, JOSEPH | |
| MARTIN BARRETT AND RICHARD M. | |
| PACHULSKI, TRUSTEE, | |
| | |
| Defendants. | |

0007

1    Richard M. Pachulski ("L&B Trustee"), the Chapter 11 Trustee of the

2  bankruptcy estate of Layfield & Barrett, APC ("L&B"), Howard M. Ehrenberg,

3  ("MLC Trustee"), the Chapter 7 Trustee for the bankruptcy estate of Maximum

4  Legal (California), LLP ("MLC"), Wellgen Standard, LLC ("Wellgen"), successor-

5  in-interest to Advocate Capital, Inc. ("Advocate"), California Attorney Lending II,

6  Inc. ("CALII"), and Joseph M. Barrett ("Mr. Barrett," and together with the L&B

7  Trustee, the MLC Trustee, Wellgen and CALII, the "Parties"), by and through their

8  respective counsel, hereby stipulate and agree as follows in accordance with the

9  following facts and recitals:

10                                **RECITALS**

11    A.    On August 3, 2017, petitioning creditors The Dominguez Firm, Inc.,

12  Mario Lara, Nayazi Reyes and Maria A. Rios (the "Petitioning Creditors"), filed an

13  involuntary petition for relief under chapter 7 of the Bankruptcy Code, 11 U.S.C. §§

14  101, *et seq.* (the "Bankruptcy Code"), against L&B [L&B Docket No. 1], in this Court

15  thereby commencing the L&B Case. That same day, the Petitioning Creditors filed an

16  *Emergency Motion for Appointment of an Interim Trustee Under 11 U.S.C. § 303(g)*

17  *and Granting Emergency Relief* [L&B Docket No. 3] (the "L&B Trustee Motion").

18    B.    In response to the L&B Trustee Motion, on August 8, 2017, L&B filed a

19  *Motion to Convert Case Under 11 U.S.C. §§ 706(a) or 1112(a)* [L&B Docket No. 19]

20  (the "L&B Conversion Motion"), seeking to convert the L&B Case to one under chapter

21  11 of the Bankruptcy Code.  On August 11, 2017, this Court entered orders granting the

22  L&B Conversion Motion [L&B Docket No. 25], and denying the L&B Trustee Motion

23  [L&B Docket No. 24].  The Order for Relief in the L&B Case was entered effective

24  August 11, 2017 [L&B Docket No. 99].

25    C.    On August 16, 2017, the Petitioning Creditors, and Advocate entered

26  into a *Stipulation for the Appointment of a Chapter 11 Trustee* [L&B Docket No. 38]

27  (the "Trustee Appointment Stipulation"), on the grounds that "the Parties believe that

28

1    all creditors and [L&B] would be better served by the appointment of a chapter 11

2    trustee," which the Court approved by order on August 17, 2017 [L&B Docket No. 42].

3    Trustee Appointment Stipulation ¶ D at 2.

4         D.     On August 21, 2017, the United States Trustee (the "UST") filed its

5    *Notice of Appointment of Chapter 11 Trustee*, appointing Richard M. Pachulski as

6    Chapter 11 Trustee in the L&B Case [L&B Docket No. 51].  Also on August 21, 2017,

7    the UST filed an *Application for Order Approving Appointment of Chapter 11 Trustee*

8    [L&B Docket No. 53], which application was granted by the Court's order entered the

9    following day [L&B Docket No. 56].  On August 28, 2017, the L&B Trustee filed his

10    *Acceptance of Appointment as Chapter 11 Trustee* [L&B Docket No. 63].

11         E.     On July 12, 2017, MLC filed a voluntary petition for relief under chapter

12    11 of the Bankruptcy Code [MLC Docket No. 1] in this Court thereby commencing the

13    MLC Case, Case No. 2:17-bk-18433-NB.

14         F.     On October 18, 2017, this Court entered its *Order Converting Case to*

15    *Chapter 7 on the Court's Status Conference* [MLC Docket No. 82], converting the

16    MLC Case to one under chapter 7 of the Bankruptcy Code.

17         G.     On August 23, 2017, the UST filed its *Notice of Appointment of Trustee*

18    *and Fixing of Bond; Acceptance of Appointment of Interim Trustee* [MLC Docket No.

19    84], appointing Howard Ehrenberg as the chapter 7 trustee.

20         H.     On October 17, 2017, Advocate filed its *Complaint for: (1) Declaratory*

21    *Relief; and (2) Turnover of Property of the Estate Pursuant to 11 U.S.C. § 542* in the

22    Case, thereby commencing an adversary proceeding in this Court now entitled *Wellgen*

23    *Standard, LLC v. Maximum Legal (California), LLP, et al.* and bearing number 2:17-ap-

24    01503-NB (the "Adversary Proceeding").

25         I.     In the Adversary Proceeding Wellgen seeks a determination of the

26    Parties' rights to the legal fees earned and costs recovered (the "Teitelbaum Fee") in

27    connection with the resolution of litigation filed in the Superior Court of the State of

28

California for the County of Los Angeles entitled *Teitelbaum v. Lyft, Inc., et al.*, and bearing Case No. 596036. [Adv. Pro. Docket No. 1].

J.      On November 17, 2017, Mr. Barrett filed *Joseph M. Barrett's First Amended Answer, Counterclaims, and Crossclaims for (1) Quantum Meruit; (2) Enforce Attorney's Charging Lien; and (3) for Declaratory Relief* [Adv. Pro. Docket No. 31], pursuant to which Mr. Barrett asserted various counterclaims and cross-claims and, among other relief, sought a determination regarding Mr. Barrett's rights to the Teitelbaum Fee and the legal fees and costs recovered in the following cases:

1.      *Jose Juan Cruz-Hernandez v. Vehicle Service Group LLC, et al.*, L.A. Superior Court Case No. BC587988 (the "Cruz-Hernandez Case");

2.      *Jose Nunez v. U-Haul Co. of California, et al.*, L.A. Superior Court Case No. BC562784 (the "Nunez Case");

3.      *Reynaldo Martinez*, et al. v. City of Los Angeles, et al., L.A. Superior Court Case No. BC627334 (the "Martinez Case"); and

4.      *Irene Vaksberg v. Amour Arnoutovic*, et al., L.A. Superior Court Case No. BC559931 (the "Vaksberg Case").

K.      Mr. Barrett thereafter dismissed certain cross-claim defendants in the Adversary Proceeding. [Adv. Pro. Docket Nos. 58 and 60.]

L.      On December 6, 2017, CALII filed an Answer to the Complaint and therein asserted as affirmative defenses that is was and is a *bona fide* lender for value to MLC, and, as such, holds a senior, first priority security interest in the Teitelbaum Fee. [Dkt. No. 10.]

M.      The MLC Trustee is presently in possession of $479,235.98 in funds (the "Litigation Proceeds").[1]   The Litigation Proceeds are derived from three sources. First, on December 12, 2017, the MLC Trustee received $472,915.98 from the Debtor's

---

[1] Bank fees may reduce this balance monthly.

STIPULATION RE: SETTLEMENT AND DISMISSAL

1   Chapter 11 debtor in possession accounts comprised primarily, if not exclusively, of the

2   Teitelbaum Fee.  Second, on December 18, 2017, the MLC Trustee received $4,400.00

3   in funds relating to an insurance payout from Access General Insurance Company in

4   favor of "Maximum Legal & Roxane Rutherford."  Third, on March 30, 2018, the MLC

5   Trustee received $1,920.00 from The Dominguez Firm that ostensibly related to costs

6   incurred by the Debtor in a prepetition state court mediation.  Aside from the Litigation

7   Proceeds, the MLC Trustee has not come into possession of any funds.

8        N.      The L&B Trustee is presently holding the legal fees and costs recovered

9   in the Cruz-Hernandez Case, the Nunez Case and the Martinez Case.  The L&B Trustee

10   has not yet recovered any legal fees or costs from the Vaksberg Case.

11        O.      On April 19, 2018, this Court entered its Order Approving Stipulation

12   Re: Trustee's Motion for Order Approving Surcharge of Secured Creditor's Collateral

13   [L&B Docket No. 284] (the "Surcharge Order") approving the Stipulation Re: Trustee's

14   Motion for Order Approving Surcharge of Secured Creditor's Collateral [L&B Docket

15   No. 281] (the "Surcharge Stipulation").

16        P.      The Surcharge Order and Surcharge Stipulation govern the distribution

17   of the Teitelbaum Fee and the legal fees and costs arising from the Cruz-Hernandez

18   Case, the Nunez Case, the Martinez Case and Vaksberg Cases upon resolution of the

19   competing claims of Mr. Barrett, MLC and CALII.

20        Q.      On September 17, 2017, this Court entered its *Order (i) Authorizing*

21   *Chapter 11 Trustee to Implement Client Transition Protocol; and (ii) Approving*

22   *Compromise Of Quantum Meruit Claims With The Dominguez Firm, Inc.* [L&B Docket

23   83] (the "Protocol Order"), which among other things, authorized the L&B Trustee to

24   settle certain claims to legal fees and costs without further notice or court approval in

25   the L&B Case.

26

27

28

4

**WHEREAS** the Parties seek to resolve their disputes regarding the Teitelbaum Fee and the legal fees and costs arising from the Cruz-Hernandez Case, the Nunez Case, the Martinez Case and Vaksberg Cases.

**NOW, THEREFORE**, the Parties hereby agree as follows:

### STIPULATION

1.    **Recitals**. The Parties incorporate the Recitals as set forth above, and such Recitals are made a material part hereof.

2.    **Allocation of Teitelbaum Fee**. The MLC Trustee shall distribute the Litigation Proceeds as follows: (i) $75,000 shall be paid to CALII; (ii) $12,746.00 shall be paid to the MLC Trustee for application to the MLC Trustee's fees and expenses that are allowed in the MLC Case; and (iii), pursuant to the Surcharge Order and the Surcharge Stipulation, the remainder of the Litigation Proceeds shall be paid to Wellgen.

3.    **Release of Claims**. Except for the payments provided for in Paragraph 2 above and upon receipt of such payments, each Party shall be deemed to have released the other Parties from any and all claims, rights, title and/or interests in and/or to the Teitelbaum Fee and the legal fees and costs recovered in the Cruz-Hernandez Case, the Nunez Case, the Martinez Case and Vaksberg Case.

4.    **Allocation of other Legal Fees and Costs**. The L&B Trustee shall distribute the legal fees and costs arising from the Cruz-Hernandez Case, the Nunez Case, the Martinez Case and Vaksberg Cases in accordance with the Surcharge Order and the Surcharge Stipulation.

5.    **Additional Payment to Wellgen**. In addition to the distribution provided for in Paragraph 4 above, the L&B Trustee shall pay $ $14,500.00 to Wellgen.

6.    **Dismissal**. Upon payment and receipt of the payments provided for in Paragraph 2 above, the Parties' claims to Teitelbaum Fee and the legal fees and costs recovered in the Cruz-Hernandez Case, the Nunez Case, the Martinez Case and

STIPULATION RE: SETTLEMENT AND DISMISSAL

Vaksberg Case shall be dismissed with prejudice. This Stipulation and the dismissal of this Adversary Proceeding shall be without prejudice to, and the Parties hereby reserve, any other claims that were brought, or could have been brought, in this Adversary Proceeding.

7.    **Condition Precedent**. Pursuant to the Surcharge Stipulation, the Surcharge Order and the Protocol Order, the L&B Trustee is authorized to enter into this Stipulation without further notice or court approval. However, the effectiveness and implementation of this Stipulation is conditioned upon this Court's approval in the MLC Case. Upon the execution hereof, the MLC Trustee shall file a motion in the MLC Case to approve this Stipulation.

8.    **Party Representations**. Each Party hereby represents and warrants that, except as provided in Paragraph 7 above, (a) such Party and the signatory hereto has the power and authority to execute, deliver and perform this Stipulation; (b) such Party has taken all necessary actions to authorize the execution, delivery and performance of this Stipulation; (c) this Stipulation has been duly executed and delivered by such Party and constitutes the legal, valid, and binding obligations of such Party, enforceable against it in accordance with their respective terms; (d) such Party's execution, delivery and performance of this Stipulation does not and will not conflict with, or constitute a violation or breach of or constitute a default under any obligation of such Party and will not violate any applicable law, or any order or decree of any court of government instrumentality applicable to such Party; and (e) such Party has entered into this Stipulation in reliance on its own independent investigation and analysis of the facts underlying the subject matter of this Stipulation, and no representations, warranties, or promises of any kind have been made directly or indirectly to induce it to execute this agreement other than those that are expressly set forth in this Stipulation.

9.    **Continuing Bankruptcy Court Jurisdiction**. The Parties agree that the court having jurisdiction over the Case shall have exclusive jurisdiction over any

disputes regarding the validity, interpretation or performance of this Stipulation, and each of the Parties consents to personal jurisdiction and venue in the Court in connection with any such disputes.

10.    **Voluntary Agreement**.  Each Party acknowledges that it has read all of the terms of this Stipulation, has had an opportunity to consult with counsel of its own choosing or voluntarily waived such right and enters into this Stipulation voluntarily and without duress.

11.    **Counterparts**.  This Stipulation may be executed in any number of counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same Stipulation.  Delivery of a signature page to this Stipulation by facsimile or other electronic means shall be as effective as delivery of an original signature page to this Stipulation.

12.    **Joint Drafting**.  This Stipulation shall be deemed to have been jointly drafted by the Parties, and in construing and interpreting this Stipulation, no provision shall be construed and interpreted for or against any Party because such provision or any other provision of the Stipulation as a whole was purportedly prepared or requested by such Party.

13.    **Applicable Law**.  The validity, interpretation and performance of this Stipulation shall be construed and interpreted according to the laws of the State of California.

14.    **Entire Agreement**.  This document contains the entire agreement between the Parties as to the subject matter thereof, and may only be modified in writing signed by the Parties or their duly appointed agents.  All prior agreements and understandings between the Parties concerning the subject matter hereof are superseded by the terms of this Stipulation.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15.    **Successors and Assigns**.  This Stipulation shall be binding on and inure to the benefit of the Parties and their respective agents, employees, affiliates, successors and assigns.

**IN WITNESS WHEREOF**, the Parties have executed this Stipulation as of October __, 2018.

1

WEILAND GOLDEN GOODRICH LLP

2
By: _____
    Jeffrey I. Golden
3
    Attorneys for Wellgen Standard, LLC

4
BRADLEY ARANT BOULT CUMMINGS
LLP
5

6
By: _____
    Roger G. Jones
7
    Attorneys for Wellgen Standard, LLC

8
PACHULSKI STANG ZIEHL & JONES
LLP
9

10
By: _____
    James Hunter
11
    Attorneys for Richard M. Pachulski,
    Chapter 11 Trustee
12

13
SULMEYERKUPETZ

14
By: _____
15
    Steven F. Werth
    Attorneys for Howard M. Ehrenberg,
16
    Chapter 7 Trustee

17

18
LAW OFFICES OF RICHARD W.
LABOWE, APC
19

20
By: _____
    Richard W. Labowe
21
    Attorneys for California Attorney
    Lending II, Inc.
22

23
AFFELD GRIVAKES LLP

24
By: _____
    Christopher Grivakes
25
    Attorneys for Joseph M. Barrett

26

27

28

9

STIPULATION RE: SETTLEMENT AND DISMISSAL

0016

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WEILAND GOLDEN GOODRICH LLP

By:_____
    Jeffrey I. Golden
    Attorneys for Wellgen Standard, LLC

BRADLEY ARANT BOULT CUMMINGS
LLP

By:_____
    Roger G. Jones
    Attorneys for Wellgen Standard, LLC

PACHULSKI STANG ZIEHL & JONES
LLP

By:_____
    James Hunter
    Attorneys for Richard M. Pachulski,
    Chapter 11 Trustee

SULMEYERKUPETZ

By:_____
    Steven F. Werth
    Attorneys for Howard M. Ehrenberg,
    Chapter 7 Trustee

LAW OFFICES OF RICHARD W.
LABOWE, APC

By:_____
    Richard W. Labowe
    Attorneys for California Attorney
    Lending II, Inc.

AFFELD GRIVAKES LLP

By:_____
    Christopher Grivakes
    Attorneys for Joseph M. Barrett

STIPULATION RE: SETTLEMENT AND DISMISSAL

WEILAND GOLDEN GOODRICH LLP

By:_____
    Jeffrey I. Golden
    Attorneys for Wellgen Standard, LLC

BRADLEY ARANT BOULT CUMMINGS
LLP

By:_____
    Roger G. Jones
    Attorneys for Wellgen Standard, LLC

PACHULSKI STANG ZIEHL & JONES
LLP

By:_____
    James Hunter
    Attorneys for Richard M. Pachulski,
    Chapter 11 Trustee

SULMEYERKUPETZ

By:_____
    Steven F. Werth
    Attorneys for Howard M. Ehrenberg,
    Chapter 7 Trustee

LAW OFFICES OF RICHARD W.
LABOWE, APC

By:_____
    Richard W. Labowe
    Attorneys for California Attorney
    Lending II, Inc.

AFFELD GRIVAKES LLP

By:_____
    Christopher Grivakes
    Attorneys for Joseph M. Barrett

9

1     **IN WITNESS WHEREOF**, the Parties have executed this Stipulation as of

2     October 25, 2018.

3                                             WEILAND GOLDEN GOODRICH LLP

4
                                              By:_____
5                                                 Jeffrey I. Golden
                                                  Attorneys for Wellgen Standard, LLC
6
                                              BRADLEY ARANT BOULT CUMMINGS
7                                             LLP

8
                                              By:_____
9                                                 Roger G. Jones
                                                  Attorneys for Wellgen Standard, LLC
10
                                              PACHULSKI STANG ZIEHL & JONES
11                                            LLP

12
                                              By:_____
13                                                James Hunter
                                                  Attorneys for Richard M. Pachulski,
14                                                Chapter 11 Trustee

15

16                                            SULMEYERKUPETZ

17
                                              By:_____
18                                                Steven F. Werth
                                                  Attorneys for Howard M. Ehrenberg,
19                                                Chapter 7 Trustee

20

21                                            LAW OFFICES OF RICHARD W.
                                              LABOWE, APC
22
                                              By:_____
23                                                Richard W. Labowe
                                                  Attorneys for California Attorney
24                                                Lending II, Inc.

25                                            AFFELD GRIVAKES LLP

26
                                              By:_____
27                                                Christopher Grivakes
                                                  Attorneys for Joseph M. Barrett
28

STIPULATION RE: SETTLEMENT AND DISMISSAL

0019

WEILAND GOLDEN GOODRICH LLP

By:_____
    Jeffrey I. Golden
    Attorneys for Wellgen Standard, LLC

BRADLEY ARANT BOULT CUMMINGS LLP

By:_____
    Roger G. Jones
    Attorneys for Wellgen Standard, LLC

PACHULSKI STANG ZIEHL & JONES LLP

By:_____
    James Hunter
    Attorneys for Richard M. Pachulski,
    Chapter 11 Trustee

SULMEYERKUPETZ

By:_____
    Steven F. Werth
    Attorneys for Howard M. Ehrenberg,
    Chapter 7 Trustee

LAW OFFICES OF RICHARD W. LABOWE, APC

By:_____
    Richard W. Labowe
    Attorneys for California Attorney
    Lending II, Inc.

AFFELD GRIVAKES LLP

By:_____
    Christopher Grivakes
    Attorneys for Joseph M. Barrett

9

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER (1) APPROVING STIPULATION RELATING TO DISBURSEMENT OF FUNDS, AND (2) CLOSING CASE; DECLARATION OF STEVEN F. WERTH** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  November 13, 2018  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Moises S Bardavid on behalf of Interested Party Courtesy NEF
mbardavid@hotmail.com

Martin J Brill on behalf of Debtor Maximum Legal (California), LLP
mjb@lnbrb.com

William S Brody on behalf of Interested Party Courtesy NEF
wbrody@buchalter.com, dbodkin@buchalter.com;IFS_filing@buchalter.com

Baruch C Cohen on behalf of Interested Party Courtesy NEF
bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com

Derrick F Coleman on behalf of 3rd Party Plaintiff Fred A. Hickey
derrick@colemanfrost.com, jinx@colemanfrost.com

Howard M Ehrenberg (TR)
ehrenbergtrustee@sulmeyerlaw.com, ca25@ecfcbis.com;C123@ecfcbis.com;hehrenberg@ecf.inforuptcy.com

Beth Gaschen on behalf of Creditor Advocate Capital, Inc.
bgaschen@wgllp.com, kadele@wgllp.com;vrosales@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com

Jeffrey I Golden on behalf of Creditor Advocate Capital, Inc.
jgolden@wgllp.com, kadele@wgllp.com;vrosales@lwgfllp.com;cbmeeker@gmail.com

Debra I Grassgreen on behalf of Interested Party Courtesy NEF
dgrassgreen@pszyjw.com

Dare Law on behalf of U.S. Trustee United States Trustee (LA)
dare.law@usdoj.gov

Mitchell B Ludwig on behalf of Creditor Law Office of Michael D. Waks
mbl@kpclegal.com

Malhar S Pagay on behalf of Interested Party Courtesy NEF
mpagay@pszjlaw.com, mpagay@pszjlaw.com

Malhar S Pagay on behalf of Interested Party Richard M. Pachulski, Chapter 11 Trustee of the Bankruptcy Estate of Layfield & Barrett, APC
mpagay@pszjlaw.com, mpagay@pszjlaw.com

Hamid R Rafatjoo on behalf of Interested Party Courtesy NEF
hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com

Daniel H Reiss on behalf of Debtor Maximum Legal (California), LLP
dhr@lnbyb.com, dhr@ecf.inforuptcy.com

Damion Robinson on behalf of Creditor Joseph Martin Barrett
dr@agzlaw.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**

Lindsey L Smith on behalf of Debtor Maximum Legal (California), LLP
lls@lnbyb.com, lls@ecf.inforuptcy.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Steven Werth on behalf of Trustee Howard M Ehrenberg (TR)
swerth@sulmeyerlaw.com,
asokolowski@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;asokolowski@ecf.inforuptcy.com;swerth@ecf.inforuptcy.com

☐ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)   November 13, 2018 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  November 13, 2018 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY**
The Honorable Neil W. Bason
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street
Bin outside of Suite 1552
Los Angeles, CA 90012

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 13, 2018 | Maria R. Viramontes | /s/Maria R. Viramontes |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

## 2.  SERVED BY UNITED STATES MAIL:

Debtor

Maximum Legal (California), LLP
3777 Long Beach Bl., Third Fl.
Long Beach, CA 90807-3339

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Creditors

Affeld Grivakes LLP
2049 Century Park East, Suite 2460
Los Angeles, California 90067-3126

California Attorney Lending II Inc.
c/o Richard W. Labowe, APC
1631 W. Beverly Blvd., 2nd Floor
Los Angeles, CA 90026-5710

Employment Development Dept.
P.O. Box 826880
Sacramento, CA 94280-0001

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

Fred A. Hickey
Coleman Frost LLP
201 Nevada Street
El Segundo, CA 90245-4211

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Joseph M. Barrett
c/o Affeld Grivakes LLP
2049 Century Park East, Ste. 2460
Los Angeles, California 90067-3126

Josephine Nguyen
Bidgford,Gleason & Artinian
26 Corporate Plaza Ste 250
Newport Beach CA 92660-7993

Layfield, Philip
Layfield & Barrett, APC
382 NE 191st St # 42308
Miami, FL 33179-3899

Los Angeles County Tax Collector
P.O. Box 54018
Los Angeles, CA 90054-0018

Nguyen, Josephine
M. Artinian c/o Bridgford, Gleason
26 Corporate Plaza Dr, Ste 250
Newport Beach, CA 92660-7993

Oakwood Legal Group, LLP
8383 Wilshire Blvd
Suite 702
Beverly Hills, CA 90211-2442

CALIFORNIA STATE BOARD OF EQUALIZATION
ACCOUNT REFERENCE GROUP MIC 29
P O BOX 942879
SACRAMENTO CA 94279-0029

Daniel H Reiss
10250 Constellation Blvd Ste 1700
Los Angeles, CA 90067-6253

Joseph Martin Barrett
Affeld Grivakes LLP
2049 Century Park E,
Suite 2460
Los Angeles, CA 90067-3126

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                        **F 9013-3.1.PROOF.SERVICE**

Lindsey L Smith
Levene, Neale, Bender, Rankin & Bri
10250 Constellation Blvd Ste 1700
Los Angeles, CA 90067-6253

Martin J Brill
10250 Constellation Blvd Ste 1700
Los Angeles, CA 90067-6253

Philip J Layfield
c/o Maximum Legal Holdings, LLC
8 The Green
Suite 6426
Dover, DE 19901-3618

Law Office of Michael D. Waks
c/o Knapp, Petersen & Clarke
550 N. Brand Blvd., Ste. 1500
Glendale, CA 91203-1922

Levene, Neale, Bender, Yoo & Brill L.L.P.
10250 Constellation Blvd, #1700
Los Angeles, CA 90067-6253

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**